CIURÓ, DEMANDANTE Y APELANTE, *v.* CIURÓ ET AL., DEMANDADAS
Y APELADAS.

APELACIÓN procedente de la Corte de Distrito de Ponce en
pleito sobre declaratoria de herederos.

No. 2718.—Resuelto en diciembre 21, 1922.

DISCRECIÓN JUDICIAL—ENMIENDA DEL JURAMENTO DE LA CONTESTACIÓN—ENMIEN-
DAS DURANTE EL JUICIO.—La corte inferior permitió a la parte demandada
enmendar el juramento de su contestación en el acto del juicio fundándose
en que si bien dicha parte era culpable de negligencia nada indicaba que su
propósito fuera demorar la tramitación del pleito o que hubiera actuado de
mala fe. *Se resolvió:* que dadas las razones en que se fundó la corte no
puede concluirse que abusara de su poder discrecional.

FILIACIÓN—ALEGACIONES—NEGACIÓN ESPECÍFICA.—En la demanda se alegaba que
el demandante fué reconocido *por* su padre natural, y la contestación negó
que hubiera sido reconocido como hijo naturäl de dicho supuesto padre. *Se
resolvió:* que interpretada esta última alegación liberalmente, de acuerdo
con el artículo 122 del Código de Enjuiciamiento Civil, puede entenderse que
niega específicamente la alegación de la demanda.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. D. Sepúlveda.*

Abogados de las apeladas: *Sres. C. Brunet* y *J. Tous
Soto.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

Rafael Ciuró Santiago expuso en la alegación segunda de
su demanda que fué el único hijo procreado por Cristino
Ciuró Ortega en unión natural con Ana Santiago, siendo am-
bos solteros, sin que existiera impediente legal entre ambos,
y que habiendo nacido el 11 de diciembre de 1869 fué reco-
nocido por el citado Cristino Ciuró Ortega como tal hijo suyo
a los pocos meses de su nacimiento.  En esto se funda para
pedir que siendo un heredero forzoso y por haber sido pre-
terido en la declaratoria de herederos de Cristino Ciuró Or-
tega hecha a favor de su viuda e hija legítima, respectiva-
mente se declare su nulidad, y para pedir que se anule la par-
tición que ellas hicieron de los bienes heredados y las ins-
cripciones verificadas a su favor en el registro de la pro-
piedad.  Como la demanda fué jurada también la contesta-

ción se juró y negó el hecho segundo de la demanda en todas sus partes y especialmente que el demandante fuera reconocido en forma alguna como hijo natural de Cristino Ciuró Ortega.

Celebrado el juicio la corte declaró, a instancia de las demandadas, que la prueba del demandante no sostiene las alegaciones de su demanda y dictó sentencia declarándola sin lugar. Contra ella interpuso el demandante este recurso de apelación.

Al comenzar el juicio en la corte inferior, dos años después de haber sido presentada la demanda, el demandante pidió a la corte que dictase sentencia a su favor por las alegaciones de la demanda, sin celebración de juicio, fundándose en que no existía contestación por ser nulo su juramento y porque el reconocimiento alegado en la demanda no fué negado específica y afirmativamente en la contestación. Admitieron las demandadas que el juramento es nulo y pidieron permiso a la corte para enmendarlo, el que les fué concedido, fundándose la corte en que si bien el juramento es nulo y las demandadas han sido culpables de negligencia y descuido, sin embargo, nada hay en los autos que indique que las demandadas han procurado obstaculizar o demorar la tramitación del pleito ni que procedan de mala fe, por lo que la resolución de la corte no ha de resultar en una sorpresa para el demandante y que, además, porque la alegación de la demanda referente al reconocimiento hecho a favor del demandante está bien negada en la contestación.

Los motivos alegados en este recurso para que revoquemos la sentencia apelada son los siguientes: primero, porque la corte abusó de su poder discrecional al declarar sin lugar su moción solicitando sentencia sobre las alegaciones; segundo, por haber declarado que las alegaciones contenidas en el hecho segundo de la demanda están bien negadas en la contestación; y, tercero, al declarar sin lugar la demanda por falta de pruebas.

En cuanto al primer error alegado, no podemos concluir con el apelante en que la corte inferior usara indebidamente de su poder discrecional al permitir que las demandadas enmendaran en el acto del juicio el juramento de su contestación, pues las razones expuestas por la corte para autorizar la enmienda al juramento son suficientes para justificar esa concesión.

Argumentando el segundo motivo de error el apelante alegó que la contestación no niega el hecho segundo de su demanda porque exponiendo ésta que el demandante fué reconocido *por* Cristino Ciuró, lo que niega la contestación es que el demandado fuera reconocido en forma alguna como hijo natural *de* Cristino Ciuró y que por esto no niega específicamente el reconocimiento por Cristino Ciuró sino que fuera reconocido como tal hijo por otras personas.

El uso indebido de una proposición gramatical por otra no es suficiente en este caso para que declaremos que la contestación dejó de negar específicamente el hecho segundo de la demanda, pues interpretando liberalmente esa alegación de la contestación, de acuerdo con el artículo 122 del Código de Enjuiciamiento Civil, puede entenderse que niega que el demandante fuera reconocido como hijo natural por su alegado padre.

El tercer motivo de error no lo argumenta el demandante basándose en que la prueba que presentó en el juicio fuera suficiente sino en que siendo insuficiente la contestación por las razones expuestas en el segundo motivo de error, la corte debió rechazar la moción de las demandadas para que desestimase la demanda por falta de pruebas (*nonsuit*) y debió dictar sentencia a favor del demandante.

Estimando nosotros con la corte inferior que la contestación es suficiente, no hubo error en admitir la moción de *nonsuit* de las demandadas.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.